# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KELCEY GADBURY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1406-JTM-DWB |
| ) | |
| GMRI, INC. d/b/a RED LOBSTER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Extension of Discovery Deadline (Doc. 48), Defendant's response in opposition (Doc. 53), and Plaintiff's reply (Doc. 55). Also before the Court is Defendant's Motion for Protective Order Regarding Depositions of Tameki Brehon, Chasity Dennis, Megan Zimmerman, and Robert Carver with supporting memorandum. (Docs. 51, 52.) Plaintiff has responded in Opposition. (Doc. 56.) Pursuant to Defendant's request, the parties engaged in an expedited telephone conference on July 20, 2009, regarding this motion, at which time Defendant indicated it would not be filing a reply. The Court entered a Minute Order following the teleconference. (Doc. 57, text entry.)

Subsequently, after additional discovery was conducted, Defendant filed a Motion for Leave to File Supplemental Reply. (Doc. 67). While the time for Plaintiff to respond to that motion has not expired, the Court has reviewed the motion and proposed reply, and will allow the same to be filed.

After a review of the submissions of the parties, as well as discussing relevant issues with the parties during the teleconference, the Court is prepared to rule on this motion.

## BACKGROUND

Plaintiff filed an Amended Complaint on March 12, 2009, alleging that she was paid less than male employees in violation of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Kansas Act Against Discrimination, K.S.A. § 44-1001 *et seq*. (Doc. 10.) Defendant filed its Answer on March 24, 2009, generally denying Plaintiff's allegations of discrimination. (Doc. 15.) Prior to the filing of Plaintiff's Amended Complaint, the Court entered its Scheduling Order, which included a discovery deadline of August 3, 2009. (Doc. 9.)

On July 7, 2009, Plaintiff filed notices to depose various witnesses later that month, including Corey Garrison, Mike Woods, Richard Cole, Melanie Carroll, Sarah Dowding, Megan Zimmerman, Tameki Brehon. (Docs. 43 - 47.) On July 8,

2009, Plaintiff filed a motion to extend the discovery deadline until September 15, 2009.  (Doc. 48.)  Plaintiff contends this extension is necessary because she also wants to depose witness Chasity Dennis; Ms. Dennis has informed Plaintiff's counsel that she is out of the country and returning "sometime" in August 2009.  (*Id.*, at 1.)  Plaintiff has indicated that she "has not sought to extend discovery for any other purpose or for any other deposition."  (Doc. 55, at 1.)

On July 10, 2009, Plaintiff filed a notice to depose witness Bob Carver.  (Doc. 49.)  On July 15, 2009, Defendant filed its motion for protective order regarding the depositions of witnesses Brehon, Dennis, Zimmerman, and Carver.  (Doc. 51.)  The motion also sought to quash the subpoenas for Ms. Brehon and Ms. Zimmerman.  (*Id.*)  Defendant contends the testimony of these individuals is irrelevant to the issues before the Court and are also "unreasonably excessive and disproportionate" in comparison to Plaintiff's limited actual damages.  (Doc. 52, at 2.)

The parties participated in a telephone conference with the Court regarding these issues on July 20, 2009.  Thereafter, the Court entered a minute entry (Doc. 57, text entry) taking under advisement both Plaintiff's Motion for Extension of the Discovery Deadline (Doc. 48) and Defendant's Motion for Protective Order (Doc. 51).  The court quashed the subpoenas for Zimmerman and Brehon to appear for

their depositions on July 24 and July 30, respectively, and entered a temporary protective order preventing the currently scheduled depositions pending a written Order of the Court.  (Doc. 57, text entry.)

## DISCUSSION

Defendant seeks the requested protective order (Doc. 51) pursuant to Fed. R. Civ. P. 26(c), which provides that the Court may enter a protective order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . ."  The Rule allows the Court to enter parameters regarding the deposition, including its timing, location, subject matter and/or cancellation.  *Id*.

Defendant argues that the requested protective order and order to quash are necessary because "there is no reason to believe [the noticed witnesses] have knowledge or information reasonably calculated to lead to the discovery of admissible evidence regarding [Plaintiff's] pay discrimination claims."  (Doc. 52, at 2.)  Defendant continues that the potential deponents are not similarly situated to Plaintiff, were not her supervisors, and "do not (according to Gadbury's supplemental disclosures that she has served) even have knowledge or information regarding Gadbury's pay or any alleged discriminatory pay decisions."  (*Id*., at 9.)  Defendant argues that "[a]llegations pertaining to GMRI's general 'treatment of women' is a pattern-or-practice issue that is wholly outside the ambit of Gadbury's

pay discrimination claims – claims that do not involve unlawful pattern or practice allegations and instead involve limited allegations of pay discrimination against Gadbury specifically." (*Id*., at 10.)  According to Defendant, "Plaintiff's counsel has yet to articulate a single cogent basis under which these individuals' testimony is relevant to, or reasonably calculated to lead to the discovery of, information relevant to Gadbury's pay discrimination claim." (*Id*.)  Further, Defendant contends that given the "mere $1,000.00 or less actual damages at issue," the cost and effort relating to these depositions are "unreasonably excessive and disproportionate..." (*Id*.)

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." ***Audiotext Communications Network, Inc., v. US Telecom, Inc.,*** 1995 WL 625962 (D.Kan.) citing ***Smith v. MCI Telecommunications Corp.***, 137 F.R.D. 25, 27 (D.Kan.1991).  "When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption

in favor of broad disclosure." *Id.* citing *Aramburu v. Boeing Co.*, 1994 WL 812046 (D.Kan. 1994).

As the party opposing these depositions, Defendant cannot meet its burden by making conclusory allegations that the requested discovery is irrelevant; rather, Defendant must specifically demonstrate how the information potentially gleaned through the depositions would be irrelevant. *Audiotext*, 1995 WL 625962 at *3 (citations omitted) (discussing discovery relevance in the context of requests for production of documents and responses to deposition questions). "When 'relevancy is not apparent, [however], it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Evello Invs. N.V. v. Printed Media Servs.*, 1995 WL 135613 at *5 (D.Kan. 1995) (citation omitted). Therefore, a request for discovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action. *Snowden v. Connaught Lab.*, 137 F.R.D. 336, 341 (D.Kan. 1991).

Plaintiff responds to Defendant's motion by contending that she is seeking discovery of "information from female employees who worked with Plaintiff regarding their experiences and observations" while working at the same store where Plaintiff worked, and information from district/regional manager Bob Carver, "who has supervisory authority" over employees of the store where

Plaintiff worked "regarding complaints that he received from female employees about their treatment while working" at that location. (Doc. 56, at 4.)

Plaintiff contends that the testimony of these individuals could help her establish that any legitimate, nondiscriminatory reason proffered by Defendant is mere pretext. (*Id.*, at 5.) Plaintiff argues that the issue is not admissibility, but rather *discoverability*, of the information in question. (*Id.*, at 4.) The Court is inclined to agree, at least as to some of the proposed deponents.

As the undersigned Magistrate has previously held, even if a trial judge may later determine that the evidence at issue should be excluded at trial, that possibility should not necessarily prevent a party from conducting the requested discovery. **Gifford v. Precision Pallet, Inc.**, No. 07-2339-JTM-DWB, 2008 WL 4078787, at *3 (D. Kan. August 28, 2008). Further, it is noted that given the broad interpretation of "relevancy" at the discovery stage, motions for a protective order "to thwart a deposition . . . are ordinarily denied." **Leighr v. Beverly Enterprises-Kansas Inc.**, 164 F.R.D. 550, 551 (D. Kan. 1996) (citation omitted)

That does not necessarily mean, however, that Plaintiff should be allowed unbridled leeway in her questioning of these witnesses. Fed. R. Civ. P. 26(b)(2)(C) allows for certain limits on discovery, stating that

> [t]he **frequency or extent of use of the discovery methods** otherwise permitted under these rules and by

7

> any local rule **shall be limited by the court** if it determines that: (i)  the discovery sought is **unreasonably cumulative or duplicative**, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the **burden or expense of the proposed discovery outweighs its likely benefit**, taking into account the needs the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

(Emphasis added.)  Also, in considering a request for a protective order concerning discovery, the court has broad discretion the forbid certain discovery, specify terms and conditions for conduct of the discovery and limiting the scope of disclosure or discovery to certain matters.  Fed. R. Civ. P. 26(c)(1).  Given the limited actual damages at issue in this lawsuit, the Court is mindful of the potential cost and inconvenience of the requested depositions to Defendant.  Counsel for both parties are located in Kansas City, while most of the employees sought to be deposed reside in Wichita and work at Defendant's restaurant here in Wichita.

After considering all the arguments of counsel, the court will allow Plaintiff to depose Megan Zimmerman and Tameki Brehon; <u>provided however</u>, that the depositions are to be taken by telephone, and shall be limited in time to not more than one hour in length.  While these two individuals do not occupy the same job as Plaintiff, the court cannot determine with any degree of certainty that their

testimony (concerning their observations and experiences while working at the same restaurant as Plaintiff and being under the same supervisor- Richard Cole) will not lead to the discovery of admissible evidence in this case.

As to Chasity Dennis, Plaintiff's counsel admitted during the phone hearing that they had not even spoken to Ms. Dennis and really have no idea what knowledge she might have. It appears to the court that any observations or testimony that Dennis might provide would simply be cumulative and duplicative of the testimony of the other servers -- Brehon and Zimmerman.[1]  For this reason, the court will grant Defendant's request for a protective order and will not allow the deposition of Ms. Dennis.

As to Robert Carver, Plaintiff argues that he is a district or regional manager who has supervisory authority over employees in the Wichita, Kansas Red Lobster store where Plaintiff worked, and that he received complaints from female employees about their treatment while working at Red Lobster. (Doc. 56 at 4.) Plaintiff acknowledges, however, that any of Carver's knowledge relates to matters that occurred "prior to Mr. Carver's employment as the district manager of the Red Lobster where the Plaintiff worked." (Doc. 56 at 13.) Defendant has confirmed

---

[1] Plaintiff has done nothing to establish that depositions of several of her fellow employees are not cumulative. To the contrary, Plaintiff indicates she is seeking the same type of information from each of these individuals. (Doc. 56, at 4, 5.)

that Carver did not become the Director of Operations for the region where Plaintiff worked until after Plaintiff's employment had ended, therefore he had nothing to do with any aspect of Plaintiff's employment or pay. (Doc. 52 at 6.) Since Plaintiff's purported reason for deposing Mr. Carver is to verify that Brehon, Dennis and Zimmerman may have complained about treatment by Richard Cole, which complaints could not have been made to Carver while Plaintiff was still employed by Defendant since Carver had not yet become the Division Manager, any testimony by Carver would be cumulative and duplicative of the proposed testimony of Brehon and Zimmerman. Defendant also notes that Carver has never been identified as a possible witness by Plaintiff in any previous pretrial disclosures. (Doc. 52 at 6.) Plaintiff does not directly dispute this claim, and Plaintiff's representation about her initial Rule 26 disclosures refers only to "[e]mployees of the defendant working at the Red Lobster store where plaintiff worked during the time that plaintiff worked there and after the time plaintiff resigned from her position at that particular Red Lobster store location." (Doc. 56 at 2.) There is no contention that Mr. Carver ever was an employee at the Wichita Red Lobster store. Under these circumstances, and considering that Carver's deposition was not requested until right before the close of discovery, the court will grant Defendant's motion for a protective order and will not allow the

deposition of Mr. Carver.

Defendant's Motion for a Protective Order (Doc. 51) is therefore **GRANTED in part** and **DENIED in part**, as set out above.

Because the Court has quashed the deposition of Ms. Dennis, Plaintiff's Motion for Extension (Doc. 48), which was filed "for no purpose other than to take the deposition of one witness, Mrs. Dennis" (Doc. 55, at 1) would appear to be moot.  The Court notes, however, that discovery deadline of August 3, 2009 has now passed, and should be extended for a short time to allow the scheduling of the telephone depositions of Brehon, and Zimmerman.  As such, Plaintiff shall be allowed until **August 21, 2009**, to complete these two telephone depositions.  <u>This order does not extend the discovery cutoff as to any other discovery.</u>

Finally, because of this limited extension of discovery, the deadline for submitted the proposed pretrial order is extended from August 17, 2009 to **August 26, 2009.**  <u>All other deadlines and hearings, including specifically the dates for the pretrial conference and trial, remain as set in the Scheduling Order of March 2, 2009.  (Doc. 9)</u>.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order and to Quash (Doc. 51) is **GRANTED in part** and **DENIED in part** as

11

more thoroughly set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to extend the discovery deadline (Doc. 48) is **GRANTED** to the extent set forth above.

**IT IS FURTHER ORDERED** that Defendant's Motion to a File Supplemental Reply (Doc. 67) is **GRANTED.** Defendant does not need to formally file the Supplemental Reply that is attached to the motion.

Dated at Wichita, Kansas on this 6th day of August, 2009.

   S/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge